[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 18, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12004

_____

D. C. Docket No. 06-00109-CR-BBM-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHNNY L. HOLMES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(March 18, 2008)**

Before HULL and WILSON, Circuit Judges, and EDENFIELD,* District Judge.

PER CURIAM:

---

*Honorable B. Avant Edenfield, United States District Judge for the Southern District of Georgia, sitting by designation.

Johnny L. Holmes, who entered a conditional guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), appeals the district court's denial of his motion to suppress evidence found during a search of his apartment, as well as his motion to suppress subsequent statements to investigators. After review and oral argument, we vacate the district court's denial of Holmes's motions to suppress and remand the case to the district court for further consideration of those motions.[1]

On appeal, Holmes first argues that the district court erred in denying his motions to suppress because the police had no reasonable suspicion to go to and be at his apartment at all and he was illegally seized before he consented to the search. We reject this claim and conclude that Holmes has not established an illegal seizure. The evidence, among other things, showed that the officers received a credible tip that a person they were looking for, named Taboris Clemmons, might be hiding in Holmes's apartment. That information came from a woman who lived with Clemmons and reported him to the police for having threatened her juvenile daughter. She also told the officers that Clemmons was armed and a member of a

_____

[1]"A district court's ruling on a motion to suppress presents a mixed question of law and fact." United States v. Zapata, 180 F.3d 1237, 1240 (11th Cir. 1999). We accept the district court's factual findings as true unless the findings are shown to be clearly erroneous. Id. All facts are construed in the light most favorable to the prevailing party below. United States v. Bervaldi, 226 F.3d 1256, 1262 (11th Cir. 2000). The district court's application of the law to the facts is reviewed de novo. Zapata, 180 F.3d at 1240.

street gang. The officers knocked loudly on the door of Holmes's apartment, and Holmes eventually opened the door. Holmes faced the officers, who had weapons drawn. One officer knew what Clemmons looked like, knew Holmes was not Clemmons, and quickly told the other officers. Once the officers understood that Holmes was not Clemmons, they lowered or reholstered their firearms. One officer directed Holmes to step outside the door and put his hand on Holmes as he led him out of the apartment into the hallway. The officers then asked Holmes for permission to search the apartment. Holmes consented, and the officers discovered a firearm in plain sight inside.

Viewed in the light most favorable to the government, the police had reasonable suspicion to believe that the man they were looking for was at Holmes's apartment, and there was no illegal seizure of Holmes in his doorway. The detention was very brief, and with the facts viewed in the light most favorable to the government, the seizure was reasonable under the circumstances.

Holmes next argues that the district court erred in denying his motions to suppress because the district court, in evaluating whether his consent to search the apartment was voluntary, erroneously failed to consider his custodial status at the time he gave consent. "Searches conducted by means of consent are valid so long as the consent is voluntary." United States v. Kapperman, 764 F.2d 786, 793 (11th

Cir. 1985). Here, Holmes does not dispute that he gave consent to search his home; he only disputes whether his consent was voluntary.

"Whether an individual's consent to a warrantless search was given voluntarily is a question of fact that must be decided in light of the totality of the circumstances." United States v. Gonzalez, 71 F.3d 819, 828 (11th Cir. 1996). Relevant factors in determining voluntariness, none of which is dispositive, include: (1) the voluntariness of the defendant's custodial status; (2) the presence of coercive police procedure; (3) the extent and level of the defendant's cooperation with police; (4) the defendant's awareness of his right to refuse to consent to the search; (5) the defendant's education and intelligence; and (6) the defendant's belief that no incriminating evidence will be found. United States v. Chemaly, 741 F.2d 1346, 1352 (11th Cir. 1984), reinstated on reh'g, 764 F.2d 747 (11th Cir. 1985) (en banc). "While knowledge of the right to refuse consent is one factor to be taken into account, the government need not establish such knowledge as the sine qua non of an effective consent." Schneckloth v. Bustamonte, 412 U.S. 218, 227, 93 S. Ct. 2041, 2048 (1973). "The government bears the burden of proving . . . that the consent was not a function of acquiescence to a claim of lawful authority but rather was given freely and voluntarily." United States v. Hidalgo, 7 F.3d 1566, 1571 (11th Cir. 1993).

4

As to the voluntariness of Holmes's consent, the district court properly listed and considered factors (2) through (6) noted above. However, the district court concluded that factor (1) was relevant only in cases involving consent to search public areas and not relevant to a search of one's home, and thus the district court did not consider this factor. In this regard, the district court erred, because factor (1) is relevant, and the totality of the circumstances surrounding the consent should be considered. See United States v. Ramirez-Chilel, 289 F.3d 744, 752-53 (11th Cir. 2002); Gonzalez, 71 F.3d at 829; United States v. Garcia, 890 F.2d 355, 361-62 (11th Cir. 1989); see also United States v. Espinosa-Orlando, 704 F.2d 507, 513 (11th Cir. 1983).

Because the district court failed to consider one of the relevant factors, and the district court heard the evidence from the Clayton County officers, we conclude that the district court is in the best position to make findings about that factor and then consider it, along with the other factors noted above, in evaluating the totality of the circumstances here.[2]

Accordingly, we vacate the district court's denial of the motions to suppress and remand the case to the district court for further consideration of whether, in light of the totality of the circumstances, Holmes voluntarily consented to the

---

[2] Nothing herein is meant to suggest that the district court must change its ruling on the motions to suppress.

search of his apartment.

**VACATED AND REMANDED.**